Martin, J.
delivered the opinion of the court. In this case there is no statement of facts- but the district judge has certified to this court that the record contains all the evidence adduced on the trial, under the act of 1817, p. 34. & 13.
The certificate is objected to on the ground that it was given upwards of a year after the judgment, while in the opinion of the counsel, this mode of presenting to this court the facts of the case, being only a new mode of making a statement of facts, the time is therein as imporant as when the former mode is resorted to, and therefore the certificate ought to have been given before judgment, and could not be made afterwards.
A majority of this court, (Martin, J. dissenting), is of opinion, that as the act of 1817 fixes not a particular time within which the judge may certify, he may do so at any time, in his discretion, as long as his memory serves him.
The defendants are sued on a note of the testator for 300 dollars, claimed with interest-on the back is an endorsement acknowledging the *667 receipt of 94 dollars 50 cents, subscribed, by the plaintiff. Two of the defendants pleaded. payment, the third, Joseph Kemball, denied being an executor.
The petition contained an interrogatory, whether the note was not made and signed by the testator. To which, the two defendants Daniel M. Kemball and Middleton W. Kem-ball answered “that they believe that the note was signed by the said F. Kemball (the testator) and that the amount of said note was paid by said F. Kemball in his life-time to the said Franklin.”
There was judgment for the plaintiff, for the sum of 300 dollars, with legal interest till paid."
The defendants appealed.
They cannot avail themselves of the part of their answer, which alledges payment by the testator, because they swear only to their belief.
The district court erred in giving judgment against Joseph Kemball, as he denied that he is one of the executors, and there is no proof of it.
The court erred also, in disallowing the payment, endorsed on the note.
It is, therefore, ordred, adjudged and de- creed, that the judgment be annulled, avoided and reversed, and that the plaintiff do recover West. *668 from Daniel M. Kemball and Middleton W. Kemball, executors of Frederick Kemball, the sum of two hundred and five dollars fifty cents, with interest at five per cent. from the inception of the suit, till paid with costs in the district court; the costs of the appeal to be borne by the plaintiff and appellee, who is also to pay the costs incurred by Joseph Kemball in both courts.
I. Baldwin for the plaintiff, Johnson for the defendants.